IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| JENNIFER INSALACO, | * | |
| Plaintiff | * | |
| v. | * | CIVIL NO. JKB-10-1392 |
| ANNE ARUNDEL CO. PUB. SCHS., | * | |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM

### *I. Background*

Plaintiff Jennifer Insalaco sued her former employer, Anne Arundel County Public Schools ("AACPS"), in Maryland state court, alleging violations of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12111e *et seq.*, and Title VII, 42 U.S.C. § 2000e *et seq.*, as well as Maryland state law, in connection with her discharge and related events. (Compl. 4–7, ECF No. 2.) Plaintiff seeks $900,000 in compensatory damages plus "back pay, including the value of all lost benefits," attorney's fees, and "front pay." (*Id.* 2.) Defendant removed the case to this Court, invoking the Court's federal question jurisdiction. (ECF No. 1.) Defendant then filed a Motion for Partial Summary Judgment, asking the Court to find it entitled to sovereign immunity, or, in the alternative, to find it immune to any liability over $100,000. (ECF No. 31.) Based on *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002), the Court denied Defendant's motion, holding that Defendant's removal of the case to federal court operated as a waiver of sovereign immunity. (ECF No. 37.) Defendant, relying largely on *Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005), then filed a Motion for Reconsideration, which is now

pending before this Court. (ECF No. 38.) The matter has been briefed by the parties (ECF Nos. 41 & 45), and no hearing is required, Local Rule 105.6 (D. Md. 2011). The motion will be granted, and Defendant's Motion for Partial Summary Judgment will be granted to the extent described herein.

## II. Legal Standards

### A. Motion for Reconsideration

Rule 54(b) of the Federal Rules of Civil Procedure provides that "[a]ny order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time." Fed. R. Civ. P. 54(b). Consequently,

> motions for reconsideration of orders are not subject to the strict standards applicable to motions for reconsideration of a final judgment, but instead, are committed to the discretion of the district court. Thus, whereas reconsideration of final judgments are [sic] appropriate only (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice, *reconsideration of interlocutory orders can be based on many other rationales*. These rationales include those listed above, and the rationale of accommodating judicial mistake, inadvertence, surprise or excusable neglect; or any other reason justifying relief from the operation of the judgment.

*Nat'l Cas. Co. v. Lockheed Martin Corp.*, Civ. No. AW-05-1992, 2010 WL 1490027, at *2 (D. Md. April 12, 2010) (internal quotations and citations omitted) (emphasis added).

### B. Motion for Summary Judgment

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing predecessor to current Rule 56(a)). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). If

2

sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252. The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party, *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008), who may not rest upon the mere allegations or denials of his pleading but instead must, by affidavit or other evidentiary showing, set out specific facts showing a genuine dispute for trial, Fed. R. Civ. P. 56(c)(1). Supporting and opposing affidavits are to be made on personal knowledge, contain such facts as would be admissible in evidence, and show affirmatively the competence of the affiant to testify to the matters stated in the affidavit. Rule 56(c)(4).

## III. Analysis

Defendant concedes that it cannot assert sovereign immunity against Plaintiff's Title VII claim. (Def.'s Reply Mem. 1, ECF No. 45.) The contested issues relating to sovereign immunity therefore concern Plaintiff's state law claim and her ADA claim.

### A. *Plaintiff's State Law Claim*

In *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 616 (2002), the plaintiff-petitioner sued his employer, the Georgia state university system, in state court under Georgia tort law and 42 U.S.C. § 1983. The state joined the other defendants, officials of the university where the plaintiff worked, in removing the case to Federal District Court. *Id.* Georgia conceded that it had waived its sovereign immunity to the state tort claims through the passage of a state statute but argued that it maintained sovereign immunity against the same claims in

3

federal court through the Eleventh Amendment. *Id.* at 616–17. Reversing the Eleventh Circuit, the Supreme Court held that a state invoking federal court jurisdiction voluntarily through removal thereby waived its sovereign immunity. *Id.* at 620. According to Justice Breyer's opinion for a unanimous Court, it would be "anomalous or inconsistent" for a state to remove a case to federal court, invoking federal jurisdiction, and then to assert Eleventh Amendment immunity, denying that federal jurisdiction extended to the case against it. *Id.* at 619. If a state were allowed to do so, it could "follow [its] litigation interests by freely asserting both claims in the same case" and thereby "generate seriously unfair results." *Id.*

Plaintiff asserts, as she did in her original opposition to Defendant's Motion for Partial Summary Judgment, that *Lapides* must control the outcome of the pending Motion for Reconsideration. (Pl.'s Opp. 1, ECF No. 41.) Since AACPS "has voluntarily litigated in federal court for approximately one (1) year" and has "taken discovery and acknowledged this Court's jurisdiction," Plaintiff argues, AACPS has waived any sovereign immunity that it might have otherwise enjoyed. (*Id.* 2.) In support of its Motion for Reconsideration, Defendant cites *Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005). (Def.'s Supp. Memo. 2–3, ECF No. 38.) Since *Stewart* was decided several years ago, it is unclear why Defendant waited until the pending Motion for Reconsideration to bring up *Stewart* at all. Defendant had two previous opportunities to do so: the original Motion for Partial Summary Judgment and the Reply Memorandum in Support of Motion for Partial Summary Judgment. However, since *Stewart* appears to be directly on point in this case, this Court will take it into account despite Defendant's delay in bringing it to the Court's attention.

In *Stewart*, the plaintiff-appellee sued North Carolina, its Department of Corrections, and officials of the Department of Corrections in state court under state and federal law in connection

4

with a reassignment that the plaintiff alleged was a demotion. 393 F.3d at 486–87. As in *Lapides*, the defendants removed the case to federal court. *Id.* at 487. The federal district court granted the defendants' motion to dismiss with respect to some of the claims and denied it with respect to others. *Id.* In its appeal, North Carolina argued that, contrary to the district court's determination, it had not waived state sovereign immunity with respect to the plaintiff's intentional tort and gross negligence claims by removing the case to federal court. *See id.* The crucial difference between *Lapides* and *Stewart*, according to the Fourth Circuit, was the presence of a state statute operating as a waiver of state sovereign immunity against certain state law claims in *Lapides* and the lack of such a state statute in *Stewart*. *See id.* at 490. When it removed the case to federal court, North Carolina "did not seek to *regain* immunity that it had abandoned previously" but simply "sought to have the sovereign immunity issue resolved by a federal court rather than a state court." *Id.* (emphasis in original). The Fourth Circuit concluded that therefore North Carolina "did not waive sovereign immunity by voluntarily removing the action to federal court" since it had "not already consented to suit in its own [state] courts." *Id.*

This Court must decide whether the case at bar is more analogous to *Lapides* or *Stewart*. In other words, the Court must decide whether AACPS has waived its sovereign immunity against Plaintiff's state law claims brought in state court. If so, the case is more analogous to *Lapides*, and Defendant cannot regain immunity simply by shifting the case to a federal forum. If not, the case is more analogous to *Stewart*, and Defendant retains its immunity despite removal of the case to federal court. AACPS appears to concede that a Maryland statute, Md. Code. Ann., Cts. & Jud. Proc. § 5-518(c) ("[a] county board of education may not raise the defense of sovereign immunity to any claim of $100,000 or less"), operates as a partial waiver of state

sovereign immunity, subjecting the state to liability of up to $100,000.  (*See* Def.'s Supp. Mem. 10–11, ECF No. 38.)

The relevant statute and precedents counsel strongly against finding that AACPS has waived its sovereign immunity against claims in excess of $100,000.  The words "any claim of $100,000 or less" in § 5-518(c) suggest that claims in excess of $100,000 are not included within the provision's scope and therefore that the defense of sovereign immunity is available to such claims.  The state's assertion of sovereign immunity against such claims makes this case more analogous to *Stewart* than to *Lapides*.  AACPS has not attempted to "manufacture[]" immunity by removal as did Georgia in *Lapides*.  (Def.'s Supp. Mem.)  Instead, it is "simply asserting the immunity it had never abandoned." (*Id.*)  Plaintiff's rebuttal to this argument seems to be based on a reliance principle.  (*See* Pl.'s Opp. 3 ("In this case Defendant removed the action to federal court and litigated this case for over a year.  Therefore, Plaintiff operated under the reasonable assumption that Defendant was subject to the federal court's jurisdiction and, having chosen that route, waived its Eleventh Amendment immunity."))  Although Plaintiff's argument is intuitively appealing and perhaps should be the rule, it finds no support in either *Lapides* or *Stewart*.

In short, Plaintiff cannot show why *Stewart* should not apply to the case at bar.  Accordingly, Defendant's motion will be granted with respect to Plaintiff's state law claim, and any recovery by Plaintiff on her state law claim will be limited to $100,000.

### *B.  Plaintiff's ADA Claim*

Defendant's assertion of limited sovereign immunity against Plaintiff's ADA claims remains.  *Lapides*, by its own terms, is limited "to the context of state-law claims, in respect to which [a] State has explicitly waived immunity from state-court proceedings."  535 U.S. at 617.  Therefore, *Lapides* does not apply to Plaintiff's claims under federal law.  Defendant is aware of

this limitation and points it out. (*See* Def.'s Supp. Mem. 6–7, 9, ECF No. 38 (citing 393 F.3d at 488–89)*.*) Defendant cites *Board of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, for the proposition that federal laws, with only a few exceptions, cannot abrogate states' sovereign immunity. (Def.'s Supp. Mot. 2, 9 & n.5.) While objecting generally to Defendant's assertion of sovereign immunity against her ADA claims (*see* Pl.'s Opp. 4), Plaintiff makes no serious challenge to Defendant's contention that the ADA did not abrogate its sovereign immunity. Since Plaintiff has virtually conceded the issue of Defendant's sovereign immunity against her ADA claim, Defendant's motion will also be granted with respect to such claim, and any recovery on such claim will be capped along with recovery on Plaintiff's state law claims.

## IV. Conclusion

*Stewart v. North Carolina*, 393 F.3d 484 (4th Cir. 2005), supports Defendant's Motion for Reconsideration of this Court's ruling on Defendant's Motion for Summary Judgment. Because Defendant has not waived its sovereign immunity against claims in excess of $100,000 in state court, Defendant is not using removal as an attempt to regain immunity that it had given up. Therefore, *Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613 (2002), does not defeat Defendant's sovereign immunity in the case at bar, and removal to federal court does not operate as a waiver of Defendant's sovereign immunity against Plaintiff's state claim in excess of $100,000. *Lapides* does not apply to federal law claims such as Plaintiff's Title VII and ADA claims. Although Defendant has conceded that it lacks sovereign immunity against Plaintiff's Title VII claim, it continues to assert sovereign immunity against Plaintiff's ADA claim. Plaintiff has not seriously contested Defendant's immunity against damages in excess of $100,000 on the ADA claim. Any recovery on such claim must also be capped at $100,000. In

7

summary, Defendant's Motion for Reconsideration will be granted, and any recovery by Plaintiff on her state law and ADA claims will be capped at $100,000 per claim.[1]

DATED this 18th day of November, 2011.

BY THE COURT:

/s/
James K. Bredar
United States District Judge

---

[1] The language of § 5-518(c), *supra* p. 4, allows the $100,000 cap to be applied separately to each claim. In the case at bar, Plaintiff's recovery, if any, will be limited to $100,000 under her state law claim and $100,000 under her ADA claim plus any (uncapped) amount under her Title VII claim.